KATHRYN N. NESTER, Federal Public Defender (#13967)
SPENCER W. RICE, Assistant Federal Defender (#10281)
FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorney for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK OLIC PORTER,<br><br>Defendant. | **RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>Case No. 2:17-CR-00527 DB<br><br>Honorable Dee Benson |
|---|---|

Defendant, Mark Olic Porter, by and through his attorney, Spencer W. Rice, hereby submits this brief response to the Government's Sentencing Memorandum and reserves the right to make additional arguments for a reasonable sentence at the time of the sentencing hearing.

**STATEMENT OF PROCEDURAL FACTS**

Mr. Porter was found guilty by a jury on March 21, 2018. Undersigned counsel has communicated with the probation officer regarding the preparation of the PSR and has provided information that has been included in the PSR regarding the offense conduct and Mr. Porter's background. The PSR calculated an advisory guideline range of 6-12 months. PSR at ¶ 70. Mr. Porter has been incarcerated for the instant offense since September 15, 2017, a period of approximately nine (9) months.

The government has argued for a higher guideline offense level by asking the Court to use the Aggravated Assault guideline. Mr. Porter believes that the probation officer has correctly calculated the guideline range. The government has also requested a three-level enhancement to the base offense level pursuant to U.S.S.G. § 3A1.1. The government has also recently indicated it may seek restitution in this case. Due to recently receiving the final PSR as well as the government's Sentencing Memorandum, Mr. Porter plans on addressing each of the government's arguments at the sentencing hearing. However, Mr. Porter will briefly address the government's 3A1.1 argument as well as the restitution issue in this Response.

**THE SECTION 3A1.1 ENHANCEMENT IS NOT APPROPRIATE**

Mr. Porter should not receive a three-level enhancement to his base offense level under Section 3A1.1 of the United States Sentencing Guidelines because he did not intentionally select Mr. Waldvogel as the object of this offense. Section 3A1.1 applies only if the jury found – or if this Court finds at the sentencing hearing – beyond a reasonable doubt that Mr. Porter intentionally selected Mr. Walvogel as the object of this offense because of his race.

The jury in this case did not have to find beyond a reasonable doubt that Mr. Porter intentionally selected Mr. Waldvogel because of his race. Rather, the jury had to determine whether Mr. Porter willfully used force or threats of force against Mr. Waldvogel and whether Mr. Waldvogel's race and his occupation of a dwelling were "but for" causes of the use of force. Thus, the standard the jury used to convict Mr. Porter at trial, is a different standard than applies to the 3A1.1 enhancement. In fact, the jury was instructed that it could find Mr. Porter guilty even if there were other factors that explained Mr. Porter's conduct. Mr. Waldvogel's race was supposed to be a primary, or substantial motivating factor, however, the government did not have

to prove beyond a reasonable doubt that Mr. Porter intentionally selected Mr. Waldvogel because of his race.

Nothing in the jury instructions mentioned a requirement of intentional "selection" of a victim on the basis of race. The racial component of this case was not proven to the jury beyond a reasonable doubt. Rather, the government only had to prove to the jury that Mr. Waldvogel's race was a "but for" cause of the incident.

Moreover, the facts of this case do not support a finding beyond a reasonable doubt that Mr. Porter intentionally selected Mr. Waldvogel as a victim because of his race. The facts show that Mr. Porter reacted poorly when he was confronted by Mr. Waldvogel. However, Mr. Porter did not leave his patio during the incident and he did not know Mr. Waldvogel prior to this incident. As opposed to lying in wait or scheming to attack or target Mr. Waldvogel, Mr. Porter responded poorly, irrationally, and erratically in the moment that he was confronted by Mr. Waldvogel. Thus, the enhancement for intentional selection of a victim on the basis of race should not apply.

**RESTITUTION SHOULD NOT BE AWARDED**

The government has indicated it may seek restitution for Mr. Waldvogel to recompense him for his moving costs. The Court should not order restitution in this case. Prior to the incident with Mr. Porter, Mr. Waldvogel had already noticed aspects of the Adagio Apartments that were not to his liking. That included used syringes that had been left in the common areas as well as other things Mr. Waldvogel did not like about the complex. After the incident with Mr. Porter, Mr. Waldvogel did not attempt to move or cut his lease short. Rather, Mr. Waldvogel tried to get the Adagio staff to evict Mr. Porter. Mr. Porter was evicted swiftly and

was gone from Adagio within two weeks of the incident.

Mr. Waldvogel did not notify Adagio that he wanted to move from Adagio until several weeks after the Porters had been evicted. At that point, Adagio let Mr. Waldvogel cut his lease short, but only by a couple of weeks. In short, Mr. Waldvogel would have this Court believe that he was forced to move from Adagio because of the incident with Mr. Porter, however, that simply is not true.

In fact, Mr. Waldvogel has a history of moving from place to place. A simple search of Mr. Waldvogel's past residences shows that he has more than 18 listed addresses over the past 18 years. Since the date of this incident at Adagio in November 2016, Mr. Waldvogel has changed residences twice. No restitution should be paid to Mr. Waldvogel to recompense him for his moving expenses.

The defense will introduce additional information regarding Mr. Waldvogel at the sentencing hearing that will further refute his claim for restitution in this case.

**CONCLUSION**

Based on the above and forgoing, Mr. Porter respectfully requests this Court not apply the three level enhancement for Hate Crime Motivation in this case, and that the Court not award restitution for moving expenses.

DATED this 23rd day of May, 2018.

*/s/ Spencer W. Rice*
Spencer W. Rice
Assistant Federal Defender